IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. **19-54962-JRS** |
| | ) | |
| **DONALD EDWARD WATKINS,** | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**NOTICE OF PLEADING AND NOTICE OF OPPORTUNITY TO RESPOND TO
TRUSTEE'S MOTION FOR COMPROMISE AND SETTLEMENT
AND DEADLINE TO OBJECT FOR HEARING**

**PLEASE TAKE NOTICE** that the Trustee has filed the attached motion to settle a personal injury claim (the "Motion").

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files an objection within twenty-one (21) days from the date of service of this notice.  Any person wishing to object to any fee application that has not already been approved or to the Final report must timely file an objection with the Bankruptcy Clerk at the following address:  *Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Dr, S.W., Atlanta, Georgia 30303*, and must serve a copy on the trustee at the following address:  Jason L. Pettie, P.O. Box 17936, Atlanta, Georgia 30316, and any other appropriate persons by the objection deadline.  The response or objection must be actually received by the Bankruptcy Clerk within the required time.

A hearing on this matter has been scheduled for March 2, 2021 at 10:30 a.m. in Courtroom 1404, United States Courthouse, 75 Ted Turner Dr, S.W., Atlanta, Georgia (*Given the current public health crisis, hearings may be telephonic only.  Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone*.).  If an objection or response is timely filed and served, the hearing will proceed as scheduled.  If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing provided that an order is entered approving the motion prior to the scheduled hearing.  If no objection is timely filed, but no order is entered granting the motion prior to the hearing, the hearing will be held at the time and place as scheduled.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

　　　　　　　　　　　　　　　　　　　　　*/s/*_____
　　　　　　　　　　　　　　　　　　　　　Jason L. Pettie, Trustee
　　　　　　　　　　　　　　　　　　　　　Georgia Bar # 574783
　　　　　　　　　　　　　　　　　　　　　P.O. Box 17936
　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30316
　　　　　　　　　　　　　　　　　　　　　(404) 638-5984

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. **19-54962-JRS** |
| | ) | |
| **DONALD EDWARD WATKINS,** | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

## MOTION FOR COMPROMISE AND SETTLEMENT

COMES NOW, Jason L. Pettie, as the duly acting and authorized Chapter 7 Trustee in the above styled case, and moves this Court for an order authorizing him to compromise and settle certain personal injury claims pursuant to Bankruptcy Rule 9019, and respectfully shows the Court the following:

1. Donald Edward Watkins (the "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on March 29, 2019 (the "Petition Date").

2. Jason L. Pettie ("Trustee") was appointed to the case as the interim Chapter 7 trustee pursuant to 11 U.S.C. § 701. The § 341 meeting of creditors was held and concluded on April 24, 2019, at which time Trustee became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d).

3. Prior to the Petition Date, the Debtor was involved in an automobile accident that occurred in June 4, 2018, and the Debtor has a pending personal injury claim as a result of this accident (the "Injury Claim").

4. An application was filed to employ special counsel to represent the Estate in prosecuting the Injury Claim, and the Court entered its order approving the employment of The Law Office of R. Michael Coker, LLC ("Special Counsel") on May 10, 2019 [Doc. No. 13].

5. As a result of Special Counsel's efforts, Trustee has received an offer to settle the

Injury Claim, and after conferring with Special Counsel, Trustee wishes to accept the proposed settlement. Under the terms of the proposed settlement, Trustee will receive a settlement payment in the amount of $50,000.00 from Travelers Property Casualty Insurance Company. The settlement payment will be made in exchange for the Debtor and the Trustee agreeing to dismiss the Injury Claim as well as release all claims that either is entitled to assert arising out of or relating to the facts alleged by the Injury Claim. However, Special Counsel will continue to pursue a claim against the Debtor's uninsured/underinsured coverage since the total amount for the Debtor's injuries exceeded the defendant's insurer's policy limits.

6. There appear to be no recorded liens on the Injury Claim.

7. The standard for approving or disapproving a compromise and settlement is found in the factors set forth in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II), 898 F2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). Justice Oaks requires that the Court consider (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, as well as the expense, inconvenience, and delay; and (4) a deference to the reasonable views of creditors.

8. Trustee submits that the proposed settlement offers the best outcome for the Estate, because continued litigation would not likely result in any net increase in proceeds for the Estate.

9. By this motion, Trustee also seeks approval to make a distribution to the Special Counsel for a contingency fee and expenses. Trustee requests approval to pay Special Counsel compensation in the amount of $16,666.67, which equals a contingency fee of one third (33.33%) of the gross recovery. Trustee also request approval to pay Special Counsel reimbursement of expenses in the amount of $1,252.74.

10. Finally, Debtor has an available wildcard exemption under O.C.G.A. § 44-13-

100(a)(6) in the amount of $8,700.00.  Accordingly, Trustee requests approval to pay the Debtor $8,700.00.

11. After Trustee makes these requested disbursements, Trustee expects to have $23,380.59 remaining to make a distribution in this case.

WHEREFORE, the Trustee prays that the Court enter an Order (i) authorizing the compromise and settlement as set forth herein, (ii)  authorizing Trustee to enter into the proposed settlement agreement and all other documents necessary to effectuate the settlement; and, (iii) approving the compensation and other disbursements described herein, and (iv) granting such other and further relief as may be just and proper.

*/s/ Jason L. Pettie*
Jason L. Pettie, Trustee
Georgia Bar # 574783
P.O. Box 17936
Atlanta, Georgia 30316
(404) 638-5984